IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO CARIAGA,<br>　　BOP NO. 50600-177<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 3:24-cv-01514-N<br>Criminal Case No. 3:21-cr-00520-N-1 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Leonardo Cariaga ("Movant")'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Brief in Support ("Motion"), filed June 17, 2024. CV. ECF Nos. 1-2[1]. After careful consideration and based on the relevant filings and applicable law, the Court finds the Motion should be **DENIED**.

### I.　BACKGROUND

A. Procedural History

On October 19, 2021, Movant was charged in a three-count indictment as follows:

- Count One: conspiracy to possess with intent to distribute 500 grams or more of methamphetamine;

- Count Two: aiding and abetting in the possession with intent to distribute 50 grams or more of methamphetamine; and

- Count Three: illegal reentry after removal from the United States.

CR. ECF No. 13. Pursuant to a plea agreement, Movant pled guilty to the second count and the Government agreed to dismiss the others. CR. ECF No. 22 at 6, 24. The plea agreement contained an appellate waiver. CR. ECF No. 22 at 6, 24. The pre-sentence report ("PSR") calculated the

---

[1] All "CR. ECF No.___." citations refer to the related criminal case, *United States v. Leonardo Cariaga*, 3:21-cr-05210-N, and all "CV. ECF No.___" citations refer to this § 2255 case.

methamphetamine weight based on its purity, using the methamphetamine (actual) guidelines; at the time, laboratory purity results had not been received for 67 liters of liquid methamphetamine. CR. ECF No. 32-1, PSR ¶23. Excluding the 67 liters, the PSR initially asserted Movant was responsible for 115,478 kilograms of converted drug weight. CR. ECF No. 32-1, PSR ¶23. This weight placed his base offense level at 38. CR. ECF No. 32-1, PSR ¶23. After obtaining the purity results for the 67 liters, Movant was held accountable in the PSR Second Addendum for 925,918 kilograms of converted methamphetamine weight. CR. ECF No. 44-1 at 1-2. Notably, this did not alter his base offense level of 38. *Id*. Movant's total offense level was 39 with a level III criminal-history category. CR. ECF No. 32-1, PSR ¶¶ 32-41. The PSR determined Movant's guideline range was 324-405 months imprisonment. *Id*. at ¶ 70.

Movant filed a motion for downward variance before the Second Addendum. CR. ECF No. 38. He argued the PSR erred in calculating the drug weight based on "actual methamphetamine" instead of "methamphetamine mixture" purity levels:

> The PSR calculated Mr. Cariaga's offense level based on 115,478 kilograms of converted weight (CW) derived in part from 5,738 grams of actual methamphetamine. Using actual methamphetamine for the conversion, significantly increased Mr. Cariaga's CW, yielding a base offense level of 38. Using the methamphetamine mixture conversion would yield a base offense level of 34. After application of the specific offense characteristics, his adjusted offense level is 38. A total offense level of 35, after a (-3)- level reduction for acceptance of responsibility. Mr. Cariaga's advisory imprisonment range would be 210-262 months.
>
> Mr. Cariaga respectfully requests this Court to grant him a downward variance to account for the faulty disparities within the methamphetamine guidelines.

*Id*. The Court adopted Movant's argument and treated the methamphetamine as "mixture," rather than "actual." CR. ECF No. 52 at 14-17. However, because of the amount of methamphetamine,

the guideline range remained the same and Movant was sentenced to 324 months, the lowest provided level.  CR. ECF No. 46; CR. ECF No. 52 at 3-13.

Movant filed a direct appeal with the United States Court of Appeals for the Fifth Circuit.  CR. ECF No. 48.  The Fifth Circuit dismissed his appeal as frivolous. CR. ECF No. 56.  Movant timely filed his § 2255 Motion asserting a single claim for ineffective assistance of counsel.  The government filed its Response and Movant filed his Reply.  CV. ECF Nos. 8, 10.  The Motion is ripe for review.

## II.   LEGAL STANDARD

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.   DISCUSSION

A. <u>Ineffective Assistance of Counsel</u>

Movant's sole claim for ineffective assistance of counsel is meritless.  The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Under *Strickland*, to successfully plead a claim

of ineffective assistance of counsel, the movant must demonstrate (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) absent counsel's deficient performance, the legal proceedings may have been different. 466 U.S. at 687. Failure to establish either prong of *Strickland* requires a finding that counsel's performance was constitutionally effective. *Id*. at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id*. at 691. To establish prejudice, a movant must plead:

> [T]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

In his Motion, Movant argues his counsel was ineffective because he allegedly failed to successfully argue and brief sentencing disparities between the guidelines for "actual" and "mixture" methamphetamine. CV. ECF No. 1 at 4; CV. ECF No. 2 at 2-4; CV. ECF No. 7 at 10-11. Movant's claim is patently incorrect—the Court agreed with counsel's argument and sentenced Movant pursuant to the guideline for "mixture" methamphetamine, not "actual"

methamphetamine. CR. ECF No. 52 at 12-13 ("[The Court] agree[s] with the defense that treating all of the methamphetamine as mixture is appropriate."). Counsel need not have "done better research and looked at the cases from the 5th Circuit at the time," because the Court adopted Movant's argument and used the methamphetamine "mixture" guidelines. CV. ECF No. 2 at 2; CR. ECF No. 52 at 12-13.

In his Reply, Movant also briefly claims his counsel was ineffective in failing to request a downward variance because he "did not play a big role in this offense" and he was "not a leader, organizer, or a manger," but rather merely a "delivery boy." Motion at 2, 3. This claim is also patently incorrect—counsel specifically argued Movant's role in the offense at sentencing and requested a downward variance. CR. ECF No. 52 at 5-6. That defense counsel was unsuccessful in his efforts does not equate to ineffective assistance. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam) (holding unsuccessful efforts do not constitute ineffective assistance of counsel). Having convinced the Court, counsel's conduct falls within the objective standard of reasonableness and Movant fails to meet *Strickland*'s first prong.

Movant is unable to plead prejudice resulting from his counsel's successful argument. As stated, the Court utilized "mixture" methamphetamine's lesser guidelines. CR. ECF No. 52 at 12-13. However, the "mixture" finding did not affect his guideline range because—regardless of "mixture" or "actual" categorization—Movant was responsible for an excess of 90,000 kilograms of converted drug weight (925,918 kilograms under methamphetamine (actual) conversion and 93,238 kilograms under methamphetamine (mixture) conversion)). CR. ECF. No. 44-1 at ¶¶ 1-2. In his Motion, Movant provides a myriad of caselaw where courts granted downward departures based on disagreements of drug purity guidelines. CV. ECF No. 10 at 2-3. The provided cases, however, are neither analogous nor persuasive because the amount of methamphetamine was

5

substantially less than Movant's amount. *See, e.g.*, *United States v. Nawanna*, 21 F. Supp. 3d 943 (N.D. Iowa 2018) (4,406.39 grams of methamphetamine); *United States v. Harry*, 313 F. Supp. 3d 969 (D. N.H. 2019) (defendant accountable for more than 500 grams but less than 1.5 kilograms drug weight). Simply, Movant fails to meet *Strickland*'s second prong; he was not prejudiced by his counsel's failure to provide the Court additional argument or briefing because the extraordinarily large drug weight ensured his sentencing range would remain the same. *See Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001) (holding that in the sentencing context, movant must demonstrate that his sentence was increased by the deficient performance of defense counsel).

Accordingly, the Court finds his claim for ineffective assistance of counsel is meritless.

## IV.   CONCLUSION

Based on the foregoing, Movant has failed to plead a cognizable claim for ineffective assistance of counsel. Accordingly, Movant's motion under § 2255 motion is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 17th day of December, 2024.

_____
David C. Godbey
Chief United States District Judge